BURLEY WILLIAMS AND BRICELY GRISBY V. STATE.

No. 24353. April 27, 1949.

*Jack W. Knight,* Houston, for appellants.

*A. C. Winborn,* Criminal District Attorney, and *E. T. Branch,* Assistant Criminal District Attorney, both of *Houston,* and *Ernest S.Geons* State's Attorney, Austin, for the state.

KRUEGER, Judge.

The offense is murder. The punishment assessed to each appellant is confinement in the state penitentiary for a term of fifteen years.

Appellants first challenge the sufficiency of the evidence to sustain their conviction.

It appears from the record that on Saturday night, August 14, 1948, quite a number of Negroes assembled at what is known as the Star Dust Beer Tavern in Harris County where a dance was in progress. Some time after midnight, some trouble arose between the deceased and the defendants. The deceased fled and the appellants pursued him about 200 or 250 yards out into the prairie where they overtook him, cut and stabbed him to death where they left him lying in the high grass and went home. The next night when the deceased did not come home, his brother reported the matter to the officers who immediately began an investigation. They went to appellants' home and questioned appellants who admitted that they pursued the deceased out into the prairie and cut and stabbed him. They directed the officers to the place where they had left the body and there it was found. Each of the appellants made a voluntary confession which was reduced to writing and signed by each. The confessions were introduced in evidence by the state. Appellants testified in their own behalf and each repudiated a part of the confessions which was most damaging to them. We deem the evidence sufficient to sustain the judgment.

The court, in his charge to the jury, instructed them on the law of principals, murder with and without malice, and on the law of self-defense.

The court gave a proper charge on self-defense of which there is no complaint. He followed the charge on self-defense with the converse in this language: "If, however, after viewing the facts from defendants standpoint at the time the deceased was cut, you believe from the evidence beyond a reasonable doubt that the defendants did not then have a reasonable expectation or fear of death or of receiving serious bodily injury at the

time the deceased was cut, you will find against the plea of self-defense."

Appellants objected to the quoted charge upon the ground (a) that it is upon the weight of the evidence, and (b) that it places an undue burden of proof upon the defendants. We do not so regard the effect of the charge. Under the instruction, the jury was required to believe beyond a reasonable doubt that the defendants did not have a reasonable expectation or fear of death or of receiving serious bodily injury at the time the deceased was cut, before they could find against their plea of self-defense. In other words, before the jury could find against their plea of self-defense, they were required to believe beyond a reasonable doubt that the defendants did not have a reasonable expectation or fear of death or serious bodily injury at the hands of the deceased.

No reversible error appearing from the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.